Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



DICK POE MOTORS, INC.,

                            Appellant,

v.

DAIMLERCHRYSLER
CORPORATION, F/K/A CHRYSLER
CORPORATION,

                            Appellee.

§

§

§

§

§

No. 08-04-00080-CV

Appeal from the

120th District Court

of El Paso County, Texas

(TC#2001-3325)




MEMORANDUM OPINION
           Appellant Dick Poe Motors has filed a written objection to Appellee
DaimlerChrysler Corporation’s designation of the reporter’s record. We have received
the reporter’s record, but have not yet filed it. For the reasons stated below, we will deny
the objection and file the entire record received from the court reporter.
Background
           Dick Poe’s objection relates only to the second volume of the reporter’s record,
which is a transcription of a hearing on a motion to substitute counsel. Dick Poe asserts
that the designation of this transcription as part of the reporter’s record is improper
because it is irrelevant to the issues on appeal. Dick Poe requests that this Court “not
include” this transcription. Although not clearly stated, we understand the request to be
that this Court not file the transcription as part of the reporter’s record for this appeal. 
Dick Poe cites no authority for this request. DaimlerChrysler has filed a response,
asserting that the transcription is relevant to the issues on appeal. Because the parties
have not yet filed briefs, we cannot determine whether the challenged transcription is
actually relevant to the appeal.
Discussion
           The reporter’s record of stenographically recorded proceedings “consists of the
court reporter’s transcription of so much of the proceedings, and any of the exhibits, that
the parties to the appeal designate.” Tex. R. App. P. 34.6(a)(1) (emphasis added). 
Although the appellant has the initial duty to request the reporter’s record and to
designate the proceedings to be included in the record, other parties may designate
additions to the reporter’s record. Tex. R. App. P. 34.6(b)(1), (c)(2), 35.3(b).
           We find nothing in the Rules of Appellate Procedure authorizing this Court to
refuse to file a portion of the reporter’s record simply because it may not be relevant to
the appeal. In fact, the Rules quite clearly require this Court to file the reporter’s record,
provided that it has been correctly prepared:
On receiving . . . the reporter’s record from the reporter, the appellate
clerk must determine whether [it] complies with the Supreme Court’s and
Court of Criminal Appeals’ order on preparation of the record. If so, the
clerk must endorse on [it] the date of receipt, file it, and notify the parties of
the filing and the date.

Tex. R. App. P. 37.2 (emphasis added); see also Tex. R. App. P. 35.3(c) (“The trial and
appellate courts are jointly responsible for ensuring that the appellate record is timely
filed. The appellate court must allow the record to be filed late when the delay is not the
appellant’s fault, and may do so when the delay is the appellant’s fault.”). Dick Poe does
not claim that the challenged transcription has been incorrectly prepared. 
           An appellant who believes that an appellee has requested the transcription of
irrelevant proceedings is not without a remedy. Upon a finding that the designated
additions are unnecessary to the appeal, the trial court may order the appellee to pay for
the preparation of the additions. Tex. R. App. P. 34.6(c)(3). Moreover, although this
Court ordinarily awards costs to the prevailing party, we have the authority to tax costs
differently for good cause. See Tex. R. App. P. 34.6(c)(3), 43.4.
Conclusion
           For the reasons stated herein, Dick Poe Motors’s objection to DaimlerChrysler’s
designation of the reporter’s record is denied, and the Clerk of this Court shall file the
reporter’s record in its entirety on the date that this opinion issues.
 
                                                                  SUSAN LARSEN, Justice
July 15, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.